## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**FRANCISCO TENG ET AL**              **CASE NO.  6:26-MC-00016**

**VERSUS**                            **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**SAFEWORX SAFETY SOLUTIONS ET AL**

## MEMORANDUM ORDER

Before the Court is Island Operating Company Inc.'s Motion to Compel Compliance with Subpoena for Production of Documents. (Rec. Doc. 1; 10). Island moved to compel New Hampshire Insurance Co. ("NHIC") to produce documents relevant to an October 20 or 21, 2023 vessel incident in which Franciso Teng's vessel allegedly allided with a platform. The litigation underlying the instant matter (filed solely for the purpose of enforcing the subpoena) is pending in the Southern District of Texas.

Teng and his passengers asserted claims against Island, among others, and the passengers also asserted claims against Teng and his insurer, NHIC. Island subpoenaed documents from NHIC. Following phone conferences with the Court, NHIC eventually produced documents and a privilege log identifying certain documents withheld as privileged. (Rec. Doc. 10-3; 13-3). On March 30, 2026,

NHIC filed an opposition and submitted twelve items for the Court's in camera review. (Rec. Doc. 13).

NHIC relies on the attorney-client privilege and work product doctrines to protect the withheld documents from disclosure.

> The attorney-client privilege limits the normally broad disclosure requirements of Federal Rule of Civil Procedure 26. For a communication to be protected under the privilege, the proponent must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. Determining the applicability of the privilege is a "highly fact-specific" inquiry, and the party asserting the privilege bears the burden of proof. Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent.

*Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 695 (5th Cir. 2017) (cleaned up).

Rule 26 (b)(3)(A) provides the framework for application of the work-product doctrine:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i)    they are otherwise discoverable under Rule 26(b)(1); and

(ii)    the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), citing *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982). The party invoking the doctrine has the burden of proof to show that the documents in question were prepared in anticipation of litigation. *Conoco Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107, 117 (W.D. La. 1998).

The court's threshold determination is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *El Paso Co.,* 682 F.2d at 542. Under Fifth Circuit jurisprudence a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.*; *United States v. Davis,* 636 F.2d 1028, 1039 (5th Cir.1981). In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Carroll v. Praxair, Inc.,* No. 2:05CV00307, 2006 WL 1793656, at *2 (W.D. La. June 28, 2006), citing *Electronic Data Systems*

*Corporation v. Steingraber,* 2003 WL 21653414, *5 (E.D.Tex.2003), citing *Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D.La.2000). The involvement of an attorney is not dispositive of the "in anticipation of litigation" issue, but it is a highly relevant factor. *Hercules Liftboat Co. v. Rice,* No. 6:11-CV-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012); *Fieldwood Energy, L.L.C. v. Diamond Servs. Corp.,* No. CIV.A. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015).

The withheld documents are within NHIC's claims file. Many of the withheld documents involve communications with Donald Young, an agent of NHIC who investigated Teng's passengers' anticipated third-party claims against NHIC. This Court previously recognized that an insurance adjuster's claims file is not automatically shielded by the work-product doctrine, but rather, may constitute information prepared in the ordinary course of the insurance adjusting business:

> Numerous courts have noted the difficulty of determining the scope of work product privilege as it applies to insurance claims files or records from an insurer's investigation of an insured's claim. Because an insurer's business is to investigate claims that may or may not result in litigation, application of the work product privilege to insurance claims investigations has been frequently litigated. Courts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies. Thus, even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection.

*Douga v. D & Boat Rentals, Inc.*, No. CIV A 04-1642, 2007 WL 1428678, at *4

(W.D. La. May 10, 2007) (cleaned up). See also *Thakore v. Shelter Mut. Ins. Co.,*

No. 6:23-CV-01108, 2024 WL 4393591, at *3 (W.D. La. Oct. 2, 2024).

 *Douga* provided further helpful analysis for evaluation of insurance-created

documents:

> Noting a decision from the Seventh Circuit Court of Appeals, *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976–77 (7th Cir.1996), which looked to a document's factual context when determining whether it could fairly be said to have been prepared in prospect of litigation, an Eastern District of Louisiana court indicated "[f]actors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Gator Marshbuggy Excavator L.L.C. v. M/V Rambler,* 2004 WL 1822843, *3 (E.D.La. Aug. 12, 2004) (Mag. J. Wilkinson). The court continued that, "[i]f the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." *Id.*

*Douga*, 2007 WL 1428678, at *5.

 The inquiry, then, is whether a particular document was created specifically

to aid in future litigation or, rather, would have been created regardless of future

litigation. In *Douga*, the Court considered whether a statement taken immediately

after an incident was taken in the ordinary course of the insurance adjusting business

or in anticipation of litigation. *Id*. The Court was persuaded that the primary

motivating factor behind the statement's creation was to aid in possible future

litigation based on several factors, including that the alleged injuries were serious, the statement was taken very shortly after the incident, and the statement in question was of the crane operator who was allegedly at fault in causing the accident. *Id*.

In this case, NHIC submitted the declaration of Kristen Davis, Vice President Regional Claims for Sedgwick, NHIC's third party administrator. Davis attests that adjuster Tim McCabe retained Donald Young to investigate the incident. McCabe anticipated litigation on October 24, 2023, mere days after the accident, based on the facts (a recreational fishing vessel with several aboard allided with a fixed platform), the serious nature of the passengers' injuries,[1] and the fact that the insured, Teng, was driving. Importantly, Davis attested that Sedgwick does not retain Mr. Young to investigate every claim and does not take a recorded statement of the insured on every incident, as such things are only done when there is a potential for litigation. (Rec. Doc. 13-2). As in *Douga*, the Court finds that NHIC has met its burden to show that the withheld documents were created in anticipation of litigation (namely Teng's passengers' third-party claims) rather than in the ordinary course of adjusting insurance claims. NHIC submits that all first-party claim materials were produced.

---

[1] The documents submitted for review indicate that at least one of the passengers was severely injured, requiring hospitalization.

Having reviewed the submitted documents, the Court finds that all documents identified in the privilege log were properly withheld.[2] Accordingly, with the understanding that the parties have resolved all other outstanding issues,

IT IS ORDERED that Island Operating Company, Inc.'s Motion to Compel (Rec. Doc. 1) is DENIED.

Signed at Lafayette, Louisiana on this 31st day of March, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court was unable to view two documents entitled "Financial Claim Documents." The Court assumes these documents are privileged for the same reasons as the other withheld documents.